MODERN FINANCE COMPANY, PLAINTIFF-APPELLANT, *v.* CRAWFORD ET, DEFENDANTS-APPELLEES.

Ohio Appeals, Tenth District, Franklin County.

No. 6308.  Decided May 24, 1960.

246

*Mr. Robert G. Jack*, for plaintiff-appellant.
*Messrs. Darling & Boynton*, for defendant-appellee, Clyde W. Major.

(BRYANT, P. J., and McLAUGHLIN, J., of the Fifth District, sitting by designation in the Tenth District.)

DUFFY, J. This case comes to this Court upon appeal from the Municipal Court of Columbus, Ohio. The defendant-appellee, Clyde W. Major, was a co-signor on the note of William D. and Joan F. Crawford when the plaintiff made a renewal and extension of a loan to them. The trial judge found "plaintiff became party to the fraud that was practiced upon this defendant (Major) in getting his signature on the note when it withheld from him the information that Crawford was in default for payment on his existing loan."

While the evidence regarding the giving of information concerning the status of the then existing loan at the time the defendant Major was induced to act as a co-signor is not clear, we do not feel that that in itself is sufficient to constitute fraud in this case. However, a review of the record leads us to believe that a fraud was practiced on this defendant when, in answer to a question concerning the earnings of the Crawfords, the manager of the plaintiff-company, who was a next-door neighbor of the Crawfords, conveyed the information to Major that their income was adequate to meet existing payments on the loan when he was in a position, because of prior dealings and particularly the defaults, to know that the information he was conveying was not true. There was evidence presented from which the trial court could find there was false and misleading information given by the manager of the plaintiff-company with the intention of inducing defendant Major to co-sign the note, tending to make him liable for the debt of the Crawfords.

From the reading of the whole record we believe the judgment rendered against the Crawfords by the Municipal Court

and dismissal of the case against defendant Major to be correct, and affirm the judgment entry in regard to those holdings.

BRYANT, P. J., and McLAUGHLIN, J., concur.